UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Midwest Language Banc, Inc. d/b/a
The Language Banc

      Plaintiff,

v.

Global Language Connections, LLC
and Khadija Ali

      Defendants.

Court File No. 17-cv-3560

**COMPLAINT**

Plaintiff Midwest Language Banc, Inc. for its complaint, alleges as follows:

## PARTIES

1.  Midwest Language Banc, Inc. d/b/a The Language Banc, is a Minnesota corporation with is principal executive office at 1625 Park Avenue, Minneapolis, MN 55404.

2.  Defendant Global Language Connections, LLC is a Minnesota limited liability company with a principal office at 3618 East Lake Street, Minneapolis, MN 55406.

3.  Defendant Khadija Ali is an individual residing in Minnesota and is the co-founder and a manager of Global Language Connections, LLC.

## JURISDICTION AND VENUE

4.   This is an action for violation of the Lanham Act, 15 U.S.C. § 1125 for false advertising and trademark infringement, and violation of Minn. Stat. §§ 325D.44, 325F.69 and 325C.01. This Court has original jurisdiction over the federal claims in this action under 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because they are part of the same controversy.

5.   Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial portion the events giving rise to Plaintiff's claims occurred in the District

## FACTS

6.   The Language Banc was incorporated in 2006 by Siyad Abdullahi. The company provides interpreting services in many industries, with a focus on the healthcare industry.

7.   The Language Banc has a network of hundreds of independent contractor interpreters and operates throughout the country.

8.   It adopted its mark - a stylized globe depicting North and South America immediately to the right of its name - in 2007. The Language Banc has continuously used the mark on its website, on LinkedIn, and in its marketing materials since 2007.

9.   Defendant Ali was the first interpreter for The Language Banc. From 2007 through 2011, Ms. Ali helped manage schedulers and interpreters, but never managed the company itself. Mr. Abdullahi managed the business during that period of time.

10.   Ms. Ali became a co-owner of The Language Banc in 2009 in order for the company to qualify for the Minority-Owned Business Certification, but she never had active control of the company. The certification required The Language Banc to be owned in part by a U.S. Citizen. Ms. Ali is a U.S. Citizen but Mr. Abdullahi is not.

11.   Mr. Abdullahi and Ms. Ali married in 2010.

12.   Ms. Ali attempted to manage The Language Banc in 2012, while Mr. Abdullahi developed new opportunities for the business. She nearly put the company out of business during her short management tenure, when it had negative cash flow for the only time in its history.

13.   Mr. Abdullahi resumed control over the company in late 2012, excluded Ms. Ali from managing the company, and turned it back into a profitable company in 2013.

14.   Mr. Abdullahi and Ms. Ali filed for divorce in 2014, which proceeded to trial. The Judgment and Decree was entered in May 2015.

15.   In the divorce, Ms. Ali sought to be awarded The Language Banc. The Court rejected her claim that she founded the company and awarded it to Mr. Abdullahi, concluding that "Ms. Ali lacks the aptitude and management experience to operate TLB, and the evidentiary record indicates that many of her claims regarding management of TLB are either inflated or are not credible."

16.   In late 2015, Ms. Ali partnered with another individual to form Global Language Connections LLC.

17.   Ms. Ali used The Language Banc as a model for creating Global Language Connections. The business model is identical. The logo, like The Language Banc's, is a stylized globe showing North and South America immediately to the right of the company's name.

18.   In developing Global Language Connections, Ms. Ali stole internal documents from The Language Banc to build from. She took public documents such as its interpreter worksheet and pages from its website. Ms. Ali also took internal, confidential documents such as The Language Banc's internal ranking system of interpreters, its pitch decks, its organizational summary, its billing processes, and template requests for proposal.

19.   Global Language Connections' website includes a biography of Ms. Ali. In that biography, Ms. Ali claims: "In 2006, she founded, owned

4

and managed another interpreting company, The Language Banc, which she sold in 2013." That statement is false.

20. Global Language Connections' website claims to "facilitate communication for our customers around the world." On information and belief, Global Language Connections employs interpreters outside Minnesota and provides interpretation services to customers outside Minnesota.

21. In her attempts to recruit interpreters and customers for Global Language Connections, Ms. Ali has told both interpreters and potential customers that The Language Banc is going out of business and that Global Language Connections is its successor. She claims that she sold The Language Banc and that it is under new management. These statements are false.

22. Based on these false statements about her experience and about The Language Banc, she encourages interpreters and customers to work with her at Global Language Connections instead.

23. Ms. Ali has secured at least three contracts with customers of The Language Banc through the use of these false statements. Ms. Ali told representatives of United Family Practice Clinic, Blue Cross Blue Shield of Minnesota, and NorthPoint Community Health that she sold The Language Banc and that Global Language Connections

is its successor, and all three have all added Global Language Connections as a vendor, decreasing the work available for The Language Banc. All three had used The Language Banc for years before Global Language Connections existed.

24.  The Language Banc sent cease and desist letters to Global Language Connections in January 2017 and again in April 2017. The letters specifically called out Ms. Ali's misrepresentation on her biography page. But Global Language Connections has ignored both letters. The false statement still appears in her biography, and she continues to make false claims about her experience and about The Language Banc to potential customers and interpreters.

## COUNT I
## FALSE ADVERTISING
### 15 U.S.C. § 1125(A)(1)(B)

25.  Defendants published a false statement of fact on Global Language Connections, LLC's website in Defendant Ali's biography, claiming: "In 2006, she founded, owned and managed another interpreting company, The Language Banc, which she sold in 2013."

26.  The statement that Ms. Ali founded The Language Banc is literally false.

27.  The statement that Ms. Ali managed The Language Banc and that she sold it in 2013 is literally false.

28.   The false statements have deceived interpreters and customers of Global Language Connections, LLC, and have the tendency to deceive anyone reading the advertisement.

29.   The false statements are material because businesses and interpreters are more likely to work with Defendants if they believe Defendant Ali founded and managed The Language Banc, then sold it in 2013. Because The Language Banc has a good reputation in the market and has earned goodwill with customers and interpreters, Defendants' false statements mislead readers into associating her and her company with The Language Banc and the reputation it has earned.

30.   Defendants caused the false statements to enter interstate commerce by publishing the statements on Defendant Global Language Connections, LLC's website, which claims to "facilitate communication for our customers around the world."

31.   As a direct and proximate result of Defendants' foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there may be no adequate remedy at law, including without limitation, the loss of consumer goodwill.

## COUNT II:
## MINN. STAT. § 325D.44

32. Defendants' statements regarding their affiliation with The Language Banc and statements regarding the current management of The Language Banc violate several provisions of Minn. Stat. § 325D.44:

   a. They cause a likelihood of confusion – and actual confusion – as to the source, approval or certification of its services by leading customers to believe they are working with the founder, former manager, and successor of The Language Banc, violating subd. 1(2).

   b. They cause a likelihood of confusion – and has caused actual confusion – as to whether Defendants are affiliated, associated or connected with Plaintiff The Language Banc, violating subd. 1(3).

33. Defendants have engaged in these deceptive trade practices knowing them to be deceptive.

34. Defendants' violations of Minn. Stat. § 325D.44 threaten injury to Plaintiff.

## COUNT III
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(d)

35. Plaintiff The Language Banc, Inc. owns the trademark to the logo of a stylized globe depicted and displayed immediately to the left of its name. Plaintiff has registered its logo with the US Patent and Trademark Office.

36. Defendants' adoption of a similar logo, used in the same location and same manner, to advertise competing services in the same geographic location is likely to cause confusion, mistake and deception regarding the source, origin, and affiliation of the services sold by Defendants.

37. Defendants deliberately adopted a logo similar to Plaintiff's registered mark, knowing Plaintiff's senior rights to the mark, and with the intent to profit from the goodwill and value Plaintiff has created through the use of the mark.

38. As a direct and proximate result of Defendant's foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there may be no adequate remedy at law, including without limitation, the loss of consumer goodwill.  Unless enjoined by the Court, Defendants will continue to infringe Plaintiff's trademark in violation of the Lanham Act.

39. Pursuant to 15 U.S.C. § 1117(a)-(b) Plaintiff is also entitled to recover Defendants' profits, damages sustained by Plaintiff, Plaintiff's and costs in bringing this action, reasonable attorneys' fees, treble or statutory damages, and prejudgment interest.

## COUNT IV:
## MINNESOTA CONSUMER FRAUD ACT
## MINN. STAT. § 325F.69

40. Defendants made statements in advertising and to potential customers and interpreters that Defendant Ali was the founder of The Language Banc, had sold it in 2013, and that Global Language Connections, LLC is the successor of The Language Banc.

41. These statements were made as a concerted marketing plan to deceive the public into believing Global Language Connections, LLC and Defendant Ali are affiliated with The Language Banc, and were made in connection with the sale of Defendants' services.

42. Defendants' statements are false and intended to mislead customers and potential customers of Defendants.

43. As a direct and proximate result of Defendant's foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there may be no adequate remedy at law, including without limitation, the loss of consumer goodwill.  Unless enjoined by the Court, Defendants will

continue to intentionally mislead interpreters and potential customers with these false statements.

## COUNT V:
## MINNESOTA TRADE SECRETS ACT
## MINN. STAT. § 325C.01

44. The Language Banc's internal ranking system of interpreters, its pitch decks, its organizational summary, its billing processes, and template request for proposal forms are trade secrets under Minnesota law because they:

    a. are not generally known to the public nor are they readily ascertainable;

    b. have independent economic value;

    c. were developed at the considerable cost and expense of The Language Banc; and

    d. were subject to reasonable confidential measures implemented by The Language Banc.

45. Defendant Ali acquired the trade secrets through her ownership interest in and employment at The Language Banc, and knew of the independent economic value and confidentiality of the trade secrets.

46. Defendants used the trade secrets to build a competing business, which use was unauthorized.

47.     The Language Banc has suffered and will continue to suffer irreparable harm through the Defendants' use of its trade secrets for which there may be no adequate remedy at law. Unless enjoined by the Court, Defendants will continue to use the trade secrets.

48.     The Language Banc has suffered actual losses and Defendants have been unjustly enriched through their use of Plaintiff's trade secrets.

Based on the allegations above, Plaintiff respectfully requests that the Court enter judgment:

1.  Awarding Plaintiff The Language Banc, Inc. damages for violations of the Lanham Act, §§1125(a) and 1125(d), and for violation of the Minnesota Deceptive Trade Practices Act, § 325D.44, the Minnesota Consumer Fraud Act, § 325F.69, and the Minnesota Trade Secrets Act, § 325C.01.

2.  Temporarily and permanently enjoining Defendants from using The Language Banc's trade secrets, from making any statement individually and in any advertisement implying an affiliation between The Language Banc and Defendants.

3.  Temporarily and permanently enjoining Defendants from using a mark similar to The Language Banc's registered mark.

4.  Awarding Plaintiff its reasonable attorney fees, costs and expenses.

5.  Granting such other relief as the Court deems just and equitable.


Dated: August 4, 2017                    RUBRIC LEGAL LLC


                                         *S/ Michael Frasier*
                                         Chad A. Snyder (#288275)
                                         Michael H. Frasier (#387704)
                                         233 Park Ave. S – Suite 205
                                         Minneapolis, MN 55415
                                         612.465.0074
                                         chad@rubriclegal.com
                                         michael@rubriclegal.com


                                         Attorneys for Plaintiff The
                                         Language Banc Inc.